# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICARDO IRIVE,

    *Plaintiff*,

vs.

CATHERINE CORTEZ MASTO*, et al.,*

    *Defendants*.

3:11-cv-00574-ECR-VPC

ORDER

    This *pro se* prisoner civil rights action comes before the Court on plaintiff's application to proceed *in forma pauperis* as well as for initial review under 28 U.S.C. § 1915A. The pauper application will be granted subject to the requirement that the full $350.00 filing fee be paid in installments as per the remaining provisions of this order.

    Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint in the present case,[1] plaintiff Ricardo Irive alleges: (1) that interest attributable to the principal in his inmate trust account has been taken for a public purpose without just compensation in violation of the Fifth Amendment; and (2) that he has been deprived of the interest without procedural due process of law. He alleges that the deprivation occurred from June 1, 2009, through June 1, 2011. His complaint was mailed for filing on or

---

[1] The pages of the complaint are not filed in order, although the document no doubt was filed as presented to the Clerk. The page filed at electronic docketing page 8 of #1-1 apparently was intended to be placed between the pages at electronic docketing pages 4 and 5 of the document on file.

about August 2, 2011. In the specific factual gravamen of the complaint, plaintiff alleges that if the administrative costs attributable to an inmate's trust account are greater than the interest attributable to the account, "the interest is deposited into the offender's store fund . . . which is a fund used for the benefit of all prisoners due to the creation, adoption, and enforcement of the policies, practices and acts of defendants . . . which they have directed at Plaintiff."

The complaint fails to state a claim upon which relief may be granted under the Takings Clause of the Fifth Amendment. Plaintiff proceeds on the moving premise that compensation is owed under the Takings Clause because interest attributable to his inmate account that does not exceed the administrative costs attributable to his account is allocated to a public purpose, the offender's store fund.

Plaintiff's moving premise is fundamentally flawed. The Ninth Circuit expressly recognized in *McIntyre v. Bayer*, 339 F.3d 1097 (9th Cir. 2003), that an inmate sustains no net loss -- and no compensation therefore is owed under the Takings Clause -- as to interest attributable to his account that does not exceed the administrative costs attributable to the account. No compensation is owed under the Takings Clause as to that amount of interest – the amount that does not exceed administrative costs – *even if that amount is allocated to a public purpose, such as the offender's store fund*. *See McIntyre*, 339 F.3d at 1100-1102. The version of N.R.S. 209.241 applicable at all times relevant to this case provides that interest attributable to the inmate's specific account shall be allocated to the offender's store fund only "[i]f an offender's share of the cost of administering the Prisoner's Personal Property fund for the quarter is equal to or greater than the amount of interest and income earned by the offender." N.R.S. 209.241(4)(b). All other earned interest allocated to the specific account over and above the inmate's specific share of the administrative costs is credited to the inmate's account. N.R.S. 209.241(4)(a). Under established law, no compensation is due under the Takings Clause vis-à-vis a regime pursuant to which all interest attributable to the specific inmate account that exceeds the administrative costs attributable to that specific account are credited to the account. Any public use of the rest of the interest that does not exceed the costs does not lead to compensation being owed under the Takings Clause.

The complaint further fails to state a procedural due process claim. When interest is allocated to another purpose pursuant to a specific statutory directive, "due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1994); *see also Vance v. Barrett*, 345 F.3d 1083, 1090-91 (9th Cir. 2003); *cf. McIntyre*, 339 F.3d at 1098 n.1 (noting unpublished disposition of due process issue).

The complaint therefore fails to state a claim upon which relief may be granted. Given that the gravamen of the complaint is based upon a fundamentally flawed premise, the Court finds that an opportunity for leave to amend would be futile. The complaint fails to state a claim not for insufficient factual allegations but instead due to a flawed legal theory.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein. Even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. **The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

IT FURTHER IS ORDERED that the Clerk shall file the complaint and that the complaint shall be DISMISSED for failure to state a claim upon which relief may be granted. This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

1  The Clerk shall enter final judgment accordingly, against plaintiff and in favor of
2  defendants, dismissing this action.
3  DATED: December 19, 2011.

_____
EDWARD C. REED
United States District Judge